# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PERRY G. FOSTER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-03-036-KEW |
| JO ANNE B. BARNHART,<br>Commissioner of Social<br>Security Administration, | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) (Docket Entry #22). The Motion is at issue and ripe for ruling.

On March 29, 2002, the Administrative Law Judge ("ALJ") evaluating Plaintiff's application for Disability Insurance Benefits and Supplemental Security Income issued an unfavorable decision to Plaintiff. The Appeals Council denied review of the ALJ's decision. On January 10, 2003, Plaintiff filed a complaint in this Court, challenging the decision. On July 24, 2003, this Court entered an Order and Judgment reversing the ALJ's decision and remanding the case for further proceedings. On September 16, 2003, Plaintiff's attorney was awarded fees pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $2,529.60 and costs of $13.49.

On November 4, 2004, a Notice of Award was issued by Defendant, indicating Plaintiff was to be awarded past due benefits in the amount of $82,171.60. Prior to the commencement of this case, Plaintiff's counsel and Plaintiff had executed a contingency

fee agreement, providing for the payment of 25% of Plaintiff's past due benefits as an attorney fee, should Plaintiff's counsel be successful in obtaining said benefits.

Plaintiff's attorney seeks an award of $15,000.00 for her efforts in obtaining the successful reversal and remand of the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g) after an appeal of this Court's decision affirming the Administrative Law Judge and, ultimately, an award of benefits. In calculating the percentage portion of the past due benefits her fees represents, Plaintiff's attorney states the requested fee represents only represent 18.3% of Plaintiff's past due benefits.

Defendant objects to the fee requested, asserting Plaintiff's attorney's contingency fee request will result in an unreasonable effective hourly rate, which will constitute a windfall for Plaintiff's counsel.

**Criteria for Evaluating Fee Requests Post-*Gisbrecht***

In May of 2002, the United States Supreme Court considered the proper calculation of claimant's attorney's fees under 42 U.S.C. § 406(b) in the case of Gisbrecht v. Barnhart, 535 U.S. 789 (2002). Prior to Gisbrecht, the Tenth Circuit Court of Appeals had ruled the proper method of calculating fees was represented in determining the "lodestar amount." Hubbard v. Shalala, 12 F.3d 946, 948 (10th Cir. 1993). As with most areas of litigation utilizing this method, the "lodestar" in the Social Security case context required a determination of the reasonable amount of hours expended by counsel in the course of representation and multipying

those hours by a reasonable hourly rate.

With the issuance of Gisbrecht, however, the legal landscape in this area changed dramatically. The Supreme Court determined § 406(b)(1)(A)[1] by its language "does not exclude contingent-fee contracts that produce fees no higher than the 25 percent ceiling." Gisbrecht, 535 U.S. at 800. Consequently, the Supreme Court concluded "[m]ost plausibly read, we conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." Gisbrecht, 535 U.S. at 807.

Although courts were directed to give effect to contingency fee agreements, fees available under § 406(b), awarded for representation before the court, remained subject to the court's review for reasonableness. Id. Specifically, the Supreme Court found

> . . . § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. . . . Within the 25 percent boundary, . . ., the attorney for

---

[1] 42 U.S.C. § 406(b) states:

(b) Attorney fees

(1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

3

> the successful claimant must show that the fee sought is reasonable for the services rendered.

Gisbrecht, 535 U.S. at 807.

In evaluating the reasonableness of a fee request, the court is instructed to examine the "character of the representation and the results the representative achieved." Gisbrecht, 535 U.S. at 808. A reduction in the contingency fee requested might be warranted if the claimant's counsel is responsible for delay in the progression of the case or if the benefits are large in comparison to the amount of time counsel spent on the case. Id. The court may also require time and expense records accompany the request as well as a breakdown as to the hourly rate charged by counsel. Id. Further clarity or guidance as to the precise analysis of the request or basis for reduction required in the "reasonableness" evaluation is conspicuously absent from the Gisbrecht opinion. The only certainty in this evaluation derived from Gisbrecht is that the "lodestar" method is inappropriate to determine reasonableness. Id. at 793.

The limited role of Defendant in the reasonableness inquiry is also acknowledged by the Supreme Court. The Commissioner of Social Security "has no direct financial stake in the [court's determination]; instead, she plays a part in the fee determination resembling that of a trustee for claimants." Id. at 798 n.6.

The Supreme Court also discussed the differences between the

various fees available for recovery by the claimant's attorney. Fees are also available for an attorney's representation of a claimant before the agency by virtue of the authorization found in 42 U.S.C. § 406(a)[2]. EAJA fees are awarded from agency funds when

---

[2] 42 U.S.C. § 406(a) specifically provides with regard to fees:

(a) Recognition of representatives; fees for representation before Commissioner of Social Security

(1) . . . The Commissioner of Social Security may, by rule and regulation, prescribe the maximum fees which may be charged for services performed in connection with any claim before the Commissioner of Social Security under this subchapter, and any agreement in violation of such rules and regulations shall be void. Except as provided in paragraph (2)(A), whenever the Commissioner of Social Security, in any claim before the Commissioner for benefits under this subchapter, makes a determination favorable to the claimant, the Commissioner shall, if the claimant was represented by an attorney in connection with such claim, fix (in accordance with the regulations prescribed pursuant to the preceding sentence) a reasonable fee to compensate such attorney for the services performed by him in connection with such claim.

(2)(A) In the case of a claim of entitlement to past-due benefits under this subchapter, if --

(i) an agreement between the claimant and another person regarding any fee to be recovered by such person to compensate such person for services with respect to the claim is presented in writing to the Commissioner of Social Security prior to the time of the Commissioner's determination regarding the claim,

(ii) the fee specified in the agreement does not exceed the lesser of --

(I) 25 percent of the total amount of such past-due benefits (as determined before any applicable reduction under section 1320a-6(a) of this title), or

(II) $4,000 [raised to $5,300.00 in 2002], and

(iii) the determination is favorable to the claimant,

then the Commissioner of Social Security shall approve that agreement at the time of the favorable determination, and (subject to paragraph (3)) the fee specified in the agreement shall be the maximum fee. The Commissioner of Social Security may from time to time increase the dollar amount under clause (ii)(II) to the extent that the rate of increase in such amount, as determined over the period since January 1, 1991, does not at any time exceed the rate of increase in primary insurance amounts under section 415(i) of this title since such date. The Commissioner of Social Security shall publish any such increased amount in the Federal

the Government's position in an appeal from a benefits decision is not "substantially justified." 28 U.S.C. § 2412(d)(1)(A). The calculation of these fees are accomplished through application of the "lodestar" method. <u>Gisbrecht</u>, 535 U.S. at 796. However, an attorney is required to refund the smaller of the fees awarded through EAJA and § 406(b). <u>Id</u>. It is against this legal backdrop that this Court examines Plaintiff's attorney's request in this case.

**Evaluation of the Award**

The maximum possible fee which this Court could award to Plaintiff's attorney under § 406(b) is $20,542.90, representing the 25% of $82,171.60 in awarded past due benefits. However, Plaintiff's counsel is only seeking $15,000.00 in fees – an amount substantially less than the 25% contingency fee permitted by her agreement with Plaintiff. Defendant challenges this fee as unreasonable, in light of the effective hourly rate which would result if one were to examine the request under the "lodestar" formula. Defendant states the effective hourly rate would be $967.74 per hour but that a more reasonable rate would be $360.57 per hour. Thus, Defendant contends the total requested fee awarded should be reduced accordingly after application of this more reasonable hourly rate.

---

Register.

(Bracketed information added by this Court).

Plaintiff's counsel has submitted time and expense records demonstrating 15.5 hours was expended by the attorney in this case, 4.3 hours by paralegals and 2.8 on non-compensable clerical work. Defendant is correct in calculating that the effective hourly rate resulting from the application of the time expended against the fee requested is $967.74. This calculation, however, is merely a mathematical exercise with no bearing upon the ruling of the Court. As this Court has recognized, the Supreme Court in <u>Gisbrecht</u> found the examining court should begin with the contingency fee agreement between Plaintiff and his counsel. Counsel's request in this case is well below the amount authorized by this contract. The court may then proceed to examine the request for the presence of mitigating factors such as delay caused by counsel or the benefits are large in comparison to the amount of time counsel spent on the case, resulting in a windfall to counsel. <u>Gisbrecht</u>, 535 U.S. at 808. Defendant has not suggested or presented evidence to indicate Plaintiff's counsel was responsible for any delay in this case. Further, this Court does not glean from the limited record in this case that the award of benefits to Plaintiff was as a result of an unanticipated fortuitous event rather than the efforts of his counsel. *See*, <u>Mitchell v. Barnhart</u>, 376 F.Supp.2d 916, 921 (S.D. Iowa 2005)(discussion of the meaning of the term "windfall" in the context of the <u>Gisbrecht</u> analysis).

Moreover, Defendant's attempt to have this Court establish a

base "reasonable" effective hourly rate against which to measure a fee request based upon a valid contingency fee runs counter to the express mandates of Gisbrecht. Establishing such an hourly rate is represents the initial step to engage in a "lodestar" calculation, which was rejected in Gisbrecht, rather than limiting the analysis "solely on the reasonableness of the contingency fee agreement as a whole under the circumstances." Thomas v. Barnhart, 412 F.Supp.2d 1240, 1244 (M.D. Ala. 2005) citing Claypool v. Barnhart, 294 F.Supp.2d 829, 834 (S.D. W.Va. 2003). It is, therefore, difficult for this Court to conclude the agreed upon terms of the contingency fee contract should be thwarted merely for the purpose of having this Court impose a different, unsubstantiated notion of "reasonableness" upon counsel through an established hourly rate. Examining the circumstances of this case, it appears counsel's request is reasonable in light of the work performed and the result obtained. This Court finds the award to be appropriate and reasonable in this case and shall be awarded as requested.

IT IS THEREFORE ORDERED that Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) (Docket Entry #22) is hereby **GRANTED**. Plaintiff's counsel is awarded fees in the amount of $15,000.00. In addition, Plaintiff's counsel shall refund the smaller amount between the EAJA fees already awarded and

the § 406(b) fees awarded in this decision to Plaintiff. <u>Weakley v. Bowen</u>, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED this 16th day of June, 2006.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE